**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **WILLIAM G.,**[1]<br>**Plaintiff,**<br>**v.**<br>**COMMISSIONER OF SOCIAL SECURITY,**<br>**Defendant.** | **Case No. 25–cv–03594–ESK**<br><br>**OPINION** |

**KIEL, U.S.D.J.**

**THIS MATTER** is before the Court on plaintiff William G.'s appeal (ECF No. 1 (Compl.)) from the final decision of the Commissioner of the Social Security Administration denying his application for Social Security disability insurance benefits (ECF No. 4–2 (R. Part 2) pp. 17–37).[2] For the following reasons, the decision will be **VACATED** and **REMANDED** for further proceedings.

## I. BACKGROUND

### A. Procedural History

Plaintiff applied for benefits on August 8, 2022, alleging an inability to work as of February 28, 2021. (*Id.* p. 98.) The application was denied on December 6, 2022 (*id.* pp. 128–132) and again on reconsideration (*id.* pp. 134–38). The administrative law judge held a telephone hearing on April 30, 2024,

[1] Plaintiff is referred to by his first name and last initial consistent with D.N.J. Standing Order 2021–10.

[2] It is the Court's general practice to label documents that appear multiple times within an opinion: the deposition of a particular party, a letter sent on a particular date, and so on. The record here is separated into parts, with each part containing multiple documents. To avoid confusion, the Court will adopt this convention without further specifying the cited document.

during which plaintiff and a vocational expert testified. (*Id.* pp. 44–87.) On June 26, 2024, the administrative law judge issued a decision unfavorable to plaintiff. (*Id.* pp. 17–37.) The Appeals Council denied plaintiff's request to review on March 7, 2025, rendering the June 26, 2024 ruling the Commissioner's final decision. (*Id.* pp. 1–3.)

Plaintiff filed the instant complaint on April 30, 2025 (Compl.) and filed the administrative record and supporting brief (ECF No. 4; ECF No. 5; ECF No. 6 (Pl.'s Br.)). The Commissioner filed an opposition (ECF No. 8 (Comm'r Opp'n Br.)) to which plaintiff has replied (ECF No. 9 (Pl.'s Reply Br.)).

### B. Standard Governing Benefits

Disability insurance benefits are available under the Social Security Act to program contributors who have a disability. 42 U.S.C. § 423(a)(1); *Pearson v. Comm'r of Soc. Sec.*, 839 F. App'x 684, 687 (3d Cir. 2020). The term "disability" includes the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). An individual is disabled only if their disability is of such severity that not only can they not engage in their prior line of work, but—considering their age, education, and work experience—they cannot "engage in any other kind of substantial gainful work which exists in the national economy …." *Id.* § 423(d)(2)(A).

Administrative law judges follow a five-step sequential process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v). The administrative law judge first determines whether the individual is engaged in substantial gainful activity and—if not—moves to the second step, analysis of the severity of the individual's impairment. *Thomas v. Comm'r Soc. Sec.*, 856 F. App'x 400, 403 (3d Cir. 2021). Third, the

administrative law judge compares the individual's impairment "to a list of impairments 'presumed severe enough to preclude any gainful work.'" *Id.* (quoting *Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)). If the individual's impairment is not listed, the administrative law judge determines at step four whether they have retained sufficient residual functional capacity to perform past relevant work. *Id.* If the individual can perform past relevant work, they are not disabled. *Id.* Finally, if the individual cannot return to past relevant work, the administrative law judge determines at the fifth step whether the impairment precludes adjustment to other work. *Id.*

The burden is on the claimant through the first four steps but shifts to the Commissioner for the fifth step. *Sisco v. Comm'r Soc. Sec.*, 840 F. App'x 685, 686 (3d Cir. 2020). The Commissioner must prove that the claimant can adjust to other work. *See* 20 C.F.R. § 404.1520(a)(4)(v); *Orr v. Comm'r Soc. Sec.*, 805 F. App'x 85, 90 (3d Cir. 2020). Determination of what type of work an individual is capable of performing may come from a variety of sources, including the Dictionary of Occupational Titles and vocational expert testimony. *Zirnsak v. Colvin*, 777 F.3d 607, 616 (3d Cir. 2014).

### C. The Administrative Law Judge Decision

The administrative law judge found that plaintiff had not engaged in substantial gainful activity since February 28, 2021. (R. Part 2 p. 20.) Plaintiff was found to have several severe impairments including degenerative disc disease, osteoarthritis of the left shoulder, depressive disorder, and anxiety disorder. (*Id.*) These impairments did not individually or in combination equal an impairment identified in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* pp. 20–22.) Plaintiff was determined to have the residual functional capacity to perform light work with additional limits including lifting and carrying up to ten pounds frequently; the need to change positions while remaining on task; only occasionally pushing, pulling, or reaching overhead

with the left upper extremity; never lifting overhead or firmly grasping; occasional, if any, exposure to vibrations, irritants, and hazards; tasks with simple or detailed—but not complex—directions; no fast-paced work; and only occasional interaction with the public. (*Id.* pp. 22–35.)

Plaintiff was found unable to perform past relevant work as a truck driver or hospital cleaner. (*Id.* p. 35.) But given his age, education, work experience, and residual functional capacity, plaintiff was found able to perform several jobs that exist in significant number within the national economy. (*Id.* pp. 35, 36.) These jobs consisted of mail sorter, price marker, and electronic assembler. (*Id.* p. 36.) [3]

## II. STANDARD OF REVIEW

A reviewing court may enter "a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). Factual findings, "if supported by substantial evidence, shall be conclusive." *Id.*; *see also Appau v. Comm'r Soc. Sec.*, 847 F. App'x 149, 151 (3d Cir. 2021) ("Like the District Court, we must uphold a final agency determination unless we find that it is not supported by substantial evidence in the record." (quoting *Rutherford v. Barnhart*, 399 F.3d 546, 552 (3d Cir. 2005))). Review of an administrative law judge's decision "is highly deferential" and "[t]he substantial-evidence threshold 'is not high.'" *Sisco*, 840 F. App'x at 687 (quoting *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019)). "Substantial evidence 'means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a

[3] Plaintiff's original brief argued that the administrative law judge failed to carry her burden at the fifth step of the sequential process. (Pl.'s Br. pp. 18–23.) The Commissioner rebutted this argument. (Comm'r Opp'n Br. pp. 6–10.) Plaintiff's reply is silent on this point. His argument is therefore abandoned. *See Prearyer v. Comm'r of Soc. Sec.*, Case No. 19–21385, 2020 WL 7778077, at *3 (D.N.J. Dec. 31, 2020) (interpreting the plaintiff's failure to address the Commissioner's opposition in his reply as an abandonment of the position).

conclusion.’”” *Id.* (quoting *Biestek*, 587 U.S. at 103). Courts are bound by an administrative law judge’s findings when they are supported by substantial evidence, even if the court would have decided the matter differently. *See Taylor v. Comm’r Soc. Sec.*, 826 F. App’x 224, 226 (3d Cir. 2020).

## III. DISCUSSION

### A. <u>The Administrative Law Judge Appropriately Considered Plaintiff’s Subjective Complaints</u>

Plaintiff argues that the administrative law judge concluded that he is able to attend to personal-care tasks, do laundry, drive, shop, and perform other activities all while he testified to his difficulty doing so. (Pl.’s Br. p. 29.) Though the administrative law judge cited to the record, many of the tasks identified are ones that plaintiff testified that he could not perform. (*Id.*) Instead, activities were cherry-picked from the record, creating an impression that he is more capable than he actually is. (*Id.* pp. 29, 30.)

The Commissioner maintains that the administrative law judge appropriately found that plaintiff’s medically determinable impairments could reasonably be expected to cause the symptoms alleged, but his statements of intensity and persistence were not entirely consistent with the record. (Comm’r Opp’n Br. p. 14.) Plaintiff’s ability to perform activities such as laundry and driving were found to be inconsistent with his complaints. (*Id.* p. 15.) Plaintiff nitpicks the administrative law judge’s discussion of daily activities and in any case plaintiff admitted to being able to perform these activities. (*Id.* pp. 15, 16.) The Commissioner posits that plaintiff’s aim is for the Court to reweigh the evidence. (*Id.* pp. 16, 17.)

A plaintiff’s own statements concerning pain or symptoms are alone insufficient to establish disability. *Cosme v. Comm’r Soc. Sec.*, 845 F. App’x 128, 133 (3d Cir. 2021). Rather, administrative law judges must determine

whether the complained-of symptoms are consistent with objective medical and other evidence and—if not—the administrative law judge may discount them. *Id.*; *see also Mercado v. Kijakazi*, 629 F. Supp. 3d 260, 279 (M.D. Pa. 2022) (recognizing the two-step process in evaluating a plaintiff's symptoms where the administrative law judge first determines whether a medically determinable impairment could be the cause of the alleged symptoms and next evaluates the alleged symptoms against the record as a whole).

Here, the administrative law judge determined that plaintiff's allegations were not consistent with the objective record. (R. Part 2 p. 32.) With respect to mental impairments, the administrative law judge noted that there was no evidence of hospitalization, formal treatment, or decompensation. (*Id.* pp. 32, 33.) Even without treatment, symptoms were mild-to-moderate. (*Id.* p. 33.) Treatment for physical impairments were more extensive, but also demonstrated partial success, with the administrative law judge citing improvement following a cervical spine fusion, no persistent complaints related to cardiac-related symptoms such as chest pain or fatigue, and the relief provided by medication and steroid injections. (*Id.* pp. 33–35.) Plaintiff's regimen was stable and the record did not contain evidence of persistent complaints related to side effects or the need to change medication. (*Id.* p. 34.)

The administrative law judge further concluded that plaintiff's range of daily activities—including laundry, shopping, and driving—were inconsistent with his allegations. (*Id.*) Plaintiff focuses on this conclusion in his brief. But plaintiff stated in his function report that he did not have trouble with personal care. (ECF No. 4–3 (R. Part 3) pp. 44, 45.) He did not prepare meals and generally ordered take-out, but was capable of doing laundry, cleaning, and mowing. (*Id.* p. 45.) Plaintiff indicated that he drove; shopped in stores and online; handled personal finances; watched television; and socialized in-person, over the phone, and through text messaging. (*Id.* pp. 46, 47.) The function

report completed by his mother detailed a substantially similar list of activities. (*Id.* pp. 55–66.) These reports are also consistent with a November 23, 2022 assessment from Brick Psychiatric Services, Inc., which states that plaintiff shared housekeeping duties such as cooking and laundry with his mother, was able to drive, managed his own finances, and played with his grandson. (ECF No. 5–15 p. 214.) These sources were cited in the administrative law judge's decision. (R. Part 2 pp. 21, 28.)

Plaintiff's hearing testimony did not depart from these representations. He testified that personal care was "[a] little hard, but [he] ma[de] it work." (*Id.* p. 61.) When asked about helping around the house, he stated that his mother did the grocery shopping and wash and he would help cook by cutting up vegetables. (*Id.* pp. 61, 62.)[4] He stated that he spent his days driving to the bay and watching boats or driving to the cemetery to visit the grave of his daughter. (*Id.* p. 62.) He later repeated that he spent his days visiting the cemetery and helping his mother around the house. (*Id.* pp. 69, 70.)

On review, I find that the administrative law judge followed the two-step process in considering plaintiff's subjective complaints and her decision was supported by substantial evidence. *See Seney v. Comm'r Soc. Sec.*, 585 F. App'x 805, 808–09 (3d Cir. 2014) (affirming the administrative law judge's decision to not credit the plaintiff's allegations upon the administrative law judge's evaluation of her treatment, the results of that treatment, her daily activities, and medical opinions); *Morris v. Comm'r of Soc. Sec.*, Case No. 20–

[4] Plaintiff argues that he testified that he could not shop or do laundry. (Pl.'s Br. p. 29.) Plaintiff's actual testimony is slightly more nuanced. Plaintiff was asked whether he was "able to help out at all around the house …. Cooking, cleaning, grocery shopping, doing the wash?" (R. Part 2 p. 61.) Plaintiff replied only that his mother did the grocery shopping and the wash and that he would help cook by cutting vegetables. (*Id.* pp. 61, 62.) Plaintiff did not testify that he was incapable of shopping or doing laundry and his function report indicates that he performed such tasks. (R. Part 3 pp. 45, 46.)

10273, 2022 WL 577963, at *6 (D.N.J. Feb. 24, 2022) (finding that the administrative law judge's analysis was supported by substantial evidence when he considered the plaintiff's normal cardiac examinations, positive responses to treatment, and range of daily activities). Though plaintiff criticizes the administrative law judge for failing to analyze his testimony and "regurgitat[ing] a portion of the medical evidence of record," (Pl.'s Br. pp. 29, 30), I do not agree with that characterization. Rather, the administrative law judge expressly referred to plaintiff testifying to greater limitations than she found to be supported and followed with a discussion of the objective evidence. (R. Part 2 pp. 32–35.) Insofar as plaintiff's testimony was not detailed in the decision, reversal or remand is not warranted. *See Anthony S. v. Bisignano*, Case No. 23–23070, 2025 WL 3204774, at *10 (D.N.J. Nov. 17, 2025) ("Even assuming—without definitively deciding—that the ALJ erred in failing to expressly articulate the details of Plaintiff's subjective statements, the Court is not persuaded that any such alleged error requires remand.").

### B. <u>Remand is Warranted with Respect to the Consideration of Medical Evidence</u>

Plaintiff notes that the administrative law judge was persuaded by the opinions of the state-agency consultants Dr. James Brown and Dr. Julie Bruno and correctly adopted their opinions of moderate limitations in interacting, concentrating, persisting, and maintaining pace. (Pl.'s Br. p. 25.) Despite being persuaded, the residual functional capacity does not reflect limitations in the ability to maintain concentration for extended periods, complete a normal workday or workweek without interruption, accept instructions and respond to criticism, and get along with coworkers. (*Id.* pp. 25, 26.) This inconsistency is not explained, according to plaintiff. (*Id.* pp. 26, 27.)

The Commissioner responds that plaintiff refers to the worksheet portions of the disability determination explanation forms that do not themselves

constitute a residual functional capacity assessment. (Comm'r Opp'n Br. pp. 12, 13.) The Third Circuit has confirmed that this fill-in portion—unlike the narrative portion—is not an assessment. (*Id.*) Dr. Brown only provided a conclusory narrative, according to plaintiff, necessitating evaluation of the fill-in portions. (Pl.'s Reply Br. pp. 5, 6.)

I agree with the Commissioner that plaintiff refers to the fill-in portion of the disability determination explanation form and administrative law judges "are not required to give any weight to these fill-in-the-blank and checklist portions of [residual functional capacity] assessments …." *See Wise v. Comm'r of Soc. Sec.*, 626 F. App'x 357, 360 (3d Cir. 2015). Specifically, the pages cited in plaintiff's brief are part of the Mental Residual Functional Capacity or MRFC1 portion of the form. (Pl.'s Br. p. 26; *see also* R. Part 2 pp. 94, 104.) A court in this District recently concluded that an administrative law judge may assign little or no weight to the MFRC1 and that there was no error in not explicitly considering it in formulating a residual functional capacity. *See Patrick C. v. Comm'r of Soc. Sec.*, Case No. 24–09154, 2025 WL 2778472, at *8 (D.N.J. Sept. 30, 2025).

More persuasive is plaintiff's position that the narrative portions of the forms note a moderate impairment in the ability to maintain attention and perform detailed tasks not reflected in the residual functional capacity. (Pl's Reply Br. p. 6.) Indeed, both Dr. Brown and Dr. Bruno wrote that plaintiff had "moderate impairment in the ability to maintain attention and concentration on detailed tasks for periods of at least two hours duration over the course of a normal workday and workweek." (R. Part 2 pp. 94, 104.) The administrative law judge found that the opinions were persuasive "because the mild-to-moderate degree of mental limitation set forth in these opinions is consistent with the evidence of record viewed as a whole." (*Id.* p. 32.) Yet the residual functional capacity provides that plaintiff "could only perform tasks involving

simple or detailed, but not complex directions, which include no more than occasional interaction with the general public and no fast pace (assembly line work or work with hourly quotas)." (*Id.* p.22.) This apparent departure from Dr. Brown and Dr. Bruno's otherwise persuasive opinions is not explained and remand is therefore warranted. *See Carr v. Bisignano*, Case No. 24–00945, 2025 WL 2844488, at *9–11 (M.D. Pa. Oct. 7, 2025) (finding that remand was warranted because the residual functional capacity provided that the plaintiff could perform "routine two to three step tasks or instructions," inconsistent with medical opinions found otherwise persuasive).

To be clear, remand is not intended to express judgment on the ultimate merits of plaintiff's claim, only that the departure from otherwise persuasive opinions is not entirely clear. Because this question must be addressed by the administrative law judge, plaintiff's request for reversal (Pl.'s Br. pp.30, 31) is denied. *See Rebecca P. v. O'Malley*, Case No. 22–01869, 2024 WL 165368, at *8 (D.N.J. Apr. 17, 2024) (finding that remand was appropriate even if the administrative law judge might again deny benefits).

## IV. CONCLUSION

For the reasons stated above, the Commissioner's decision will be **VACATED** and **REMANDED** for further proceedings. An appropriate order accompanies this opinion.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**

Dated: July 30, 2026